# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| DANIEL P. SWARTZ and ) | |
| CARRIE A. SWARTZ, ) | Case No. 05-70667 |
| ) | |
| Debtors ) | |
| ) | |
| DANIEL P. SWARTZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 05-4156 |
| ) | |
| SHAWNETTA SWARTZ, ) | |
| ) | |
| Defendant ) | |

## **AMENDED ORDER**

The Court hereby amends the order entered in this adversary proceeding on March 13, 2006, to correct the Court's failure to address the Defendant's request for attorney's fees. The Defendant is entitled to recover her attorney's fees incurred in defending this action because there is a contractual basis for her fees – the Separation and Property Settlement Agreement ("Agreement") provides for attorney's fees incurred in the enforcement of the Agreement – and the Defendant prevailed on her claim to enforce the Agreement as written.

Therefore, for the reasons set forth in the Court's Memorandum Opinion entered on March 13, 2006, it is

**ORDERED** that the debt labeled as "maintenance" in the Judgment Decree of Dissolution of Marriage entered by the Circuit Court of Jackson County, Missouri, on September 30, 2003, dissolving the parties' marriage and in the Agreement is excepted from discharge under 11 U.S.C. § 523(a)(5). It is

**FURTHER ORDERED** that the Debtor's obligation to assume and hold the Defendant harmless for the debts listed in Exhibit B of the Agreement is not excepted from discharge under 11 U.S.C. § 523(a)(15). It is

**FURTHER ORDERED** that the Debtor shall pay to the Defendant $3,008 for

her attorney's fees incurred in defending this action.

      **SO ORDERED** this 14th day of March 2006.

      /s/ Jerry W. Venters
      HONORABLE JERRY W. VENTERS
      UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was sent
electronically or conventionally to:
Judith L. Berry
Deborah D. Conklin